### OAKES v. W. & J. SLOANE.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

WAREHOUSEMEN (§ 34*) — ACTION FOR GOODS STOLEN — SUFFICIENCY OF EVIDENCE.

Where household goods were taken for storage from a house where a man and his wife were living, at the request of the husband, and subsequently delivered to him, clear and convincing proof is required to sustain a verdict for the wife against the bailee for the value of the goods.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. § 79; Dec. Dig. § 34.*]

Appeal from Trial Term, New York County.

Action by Adelene E. S. Oakes against W. & J. Sloane. Plaintiff had judgment, from which, and an order denying a motion for a new trial, defendant appeals. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

McGuire, Horner & Smith (Selden Bacon, of counsel), for appellant.

I. T. Flatto, for respondent.

PER CURIAM. In September, 1899, the plaintiff and her husband, Francis J. Oakes, were living together at 242 West Seventy-Third street, in the city of New York, and from said house there were delivered to the defendant for storage certain draperies, hangings, and curtains which had been in use in said house. In April, 1904, upon the demand of Francis J. Oakes, and upon payment of the storage and insurance charges, the defendant delivered said goods to him. On the 1st of June, 1907, this action was commenced by the plaintiff against the defendant, alleging a delivery to them in 1901 of said goods by her, a failure to redeliver to her upon demand, and claiming $8,000 damages. Subsequent to the original delivery, the plaintiff and her husband separated and are not now living together. Upon the trial plaintiff undertook to show that she was the owner of the goods, that she delivered them to the defendants, and the value thereof. She recovered a verdict of $2,328.43, to which was added interest, making a total of $3,453.43.

We think that the judgment cannot stand, as the plaintiff did not sustain the burden of establishing any of the necessary elements of her case, title, delivery, or value. When household goods are taken for storage from a house where a man and his wife are living together, at the request of the husband, and are subsequently delivered to him, clear and convincing proof is required to sustain a verdict in favor of the wife against the bailee.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.